**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | | |
|---|---|---|
| WILFREDO ROMAN CARRASQUILLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CORECIVIC, Inc. | ) | CASE NO. |
| 5501 Virginia Way | ) | |
| Brentwood, Tennessee  37027 | ) | JURY TRIAL DEMANDED |
| Serve at: | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CORECIVIC of TENNESSEE, LLC | ) | |
| 5501 Virginia Way | ) | |
| Brentwood, Tennessee 37027 | ) | |
| | ) | |
| CORECIVIC OF KANSAS, LLC | ) | |
| 5501 Virginia Way | ) | |
| Brentwood, Tennessee 37027 | ) | |
| | ) | |
| Registered Agent For All Entities: | ) | |
| C T Corporation System | ) | |
| 112 SW 7th St., Ste. 3C | ) | |
| Topeka, Kansas 66603 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| SERVE: | ) | |
| C T Corporation System | ) | |
| 112 SW 7th Street, Suite 3c | ) | |
| Topeka, Kansas 66603 | ) | |

**<u>COMPLAINT</u>**

Plaintiff, WILFREDO ROMAN CARRASQUILLO (hereinafter "Plaintiff" or "Mr. Carrasquillo"), by and through counsel, and for his cause action against Defendant, CORECIVIC, INC and/or CORECIVIC OF TENNESSEE, LLC (hereinafter "Defendant,"

"CoreCivic") on claims for race, age and disability discrimination, and harassment and retaliation, states:

## NATURE OF THE COMPLAINT

1.      Plaintiff brings this action for discriminatory, retaliatory, and other unlawful conduct pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended ("§1981"), 42 U.S.C. 2000e et seq. ("Title VII"), and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 et seq. ("ADEA"), and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 et seq. ("ADA"), as result of Defendants: a) unlawful denial of Plaintiff's employment opportunities based on his race; b) unlawfully denying Plaintiff employment opportunities based on his age; c) retaliation for reporting wrongful conduct; and d) engaging in other related unlawful acts, conduct, and practices.

2.      The acts, conduct, and practices which form the basis for this action have resulted in Defendants discriminating against Plaintiff on the basis of his age and race with respect to the terms, conditions, and privileges of his employment, and, the procedure or manner in which Defendants have evaluated Plaintiff's qualifications for continued employment opportunities has resulted in prohibited age, disability and race discrimination..

3.      During Plaintiff's employment, Defendant discriminated against Plaintiff based on his race; created and sanctioned a hostile work environment and retaliated against Plaintiff for asserting his Title VII rights by making internal complaints and then terminated Plaintiff.

4.      Defendant by and through its agents, employees, or servants exercising their authority, retaliated against Plaintiff and harassed him.

5.      The unlawful conduct of defendant deprived Plaintiff of his employment and directly resulted in the significant loss of financial compensation and other benefits which he would have earned and been entitled to but for the discrimination and retaliation alleged in this complaint.

## JURISDICTION AND VENUE

6.      CORECIVIC or CORECIVIC of TENNESSEE, LLC, CoreCivic (Leavenworth Detention Center) is located at 100 Highway Terrace, Leavenworth, Leavenworth County, Kansas, a division or subsidiary of CoreCivic, Inc. whose headquarters are located in Nashville, Tennessee (collectively and formerly CCA). COREVIC is a national corporation with facilities located all over the country, including Leavenworth, Kansas. Therefore, Defendants have sufficient contacts with this state for the Court to exercise personal jurisdiction in this matter.

7.      CoreCivic is subject to personal jurisdiction in this Court for the specific purposes of this lawsuit because the acts and omissions alleged herein took place in Kansas, within this Court's territorial jurisdiction.

8.      Plaintiff consents to this Court's jurisdiction and is subject to personal jurisdiction in this Court for the specific purposes of this lawsuit because the acts and omissions alleged herein took place in Kansas, within this Court's territorial jurisdiction. Plaintiff seeks recovery in excess of $75,000.00 for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees.

9.      The Court has jurisdiction pursuant to 28 U.S.C. § 1331 because his claims arise under federal law.

10.     Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to this claim occurred in the District of Kansas.

## ADMINISTRATIVE PROCEDURE

11.     Plaintiff has exhausted his administrative remedies.

12.     On October 1, 2021, Plaintiff dually filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") and State of Kansas Human Rights Commission alleging discrimination based on race (Hispanic), color, disability, hostile work environment and retaliation.  *See Exhibit 1*, attached and incorporated as if fully set forth herein.

13.     On February 16, 2023, Plaintiff received a Notice of Right to Sue. *See Exhibit 2*, attached and incorporated as if fully set forth herein.

## PARTIES

14.     Plaintiff is a Hispanic man, fifty-one years of age, and has light skin complexion. He currently resides in Kansas City, Missouri.

15.     CoreCivic (Leavenworth Detention Center) is a for-profit correctional facility which is situated in Leavenworth Kansas. CoreCivic has several detention facilities within the United States, and employs over one hundred employees at its' Leavenworth facility.

16.     CoreCivic is authorized to do business in the state of Kansas and is an "employer" within the meaning as set forth in all applicable federal statutes.

17.     At all times relevant to the allegations in this Complaint, CoreCivic employed Plaintiff within the meaning of the federal statutes, and Plaintiff was entitled to the protections of Title VII.

## FACTUAL ALLEGATIONS

18.     Plaintiff incorporates by reference the allegations contained in paragraphs 1-17.

19.     Plaintiff holds a Bachelor of Arts in Criminal Justice, and a certification in Investigations.   He has prior work experience in law enforcement and corrections/security. During the 1980's, Plaintiff worked for CCA (Community Corrections of America, the predecessor company of CoreCivic) for five years. He also worked for WCC (a correctional facility) for two years.  Plaintiff has approximately eleven years of civil security experience.

20.     Plaintiff discovered an employment opportunity with CoreCivic through the Indeed employment website. At the time of his application, Plaintiff resided in Philadelphia, Pennsylvania.   He applied for the position of Corrections Officer I and CoreCivic hired him.

21.     Upon his arrival to the facility, Plaintiff completed and passed his physical exam. He informed CoreCivic about his disability during his application process. CoreCivic provided Plaintiff relocation expenses to the Kansas City metropolitan area and paid a portion of his moving expenses. Plaintiff provided his own housing.

22.     On May 11, 2021, Plaintiff started his first day of work. He reported to Jessica Ramirez, CoreCivic recruiter. Plaintiff completed and passed his physical exam.  He completed and passed a screening test.  He also passed a tactical exam which included a written exam.

23.     During training class, Plaintiff was subjected to harassment, racially offensive comments and hostile work environment. One female co-worker stated openly that Hispanic people cannot comprehend things.

24.     When Plaintiff arrived to CoreCivic, and waited to be buzzed through the metal gates, he would hear the guards say "you got the spic out front."  This offensive comment occurred many times.

25.     During a training session, held July 16, 2021, a Corrections Officer and Instructor Gutierrez stated that Plaintiff would be investigated and would soon be fired.  Officer Gutierrez

made this announcement to the entire training class which included about fourteen CoreCivic employees.  Plaintiff had no such information.

26.   Shortly after Officer Gutierrez made the statement, Plaintiff was called in the office. CoreCivic questioned Plaintiff about a payment on his credit report. Plaintiff had a late fee for one credit card payment.  CoreCivic claimed that this investigation would not negatively impact his employment.

27.   Following this comment, Plaintiff filed a written internal incident and requested an investigation. CoreCivic refused to investigate the matter and failed to address Plaintiff's concern.

28.   From May 11, 2021 until July 30, 2022, Plaintiff satisfactorily performed his job. He met all legitimate job expectations. Plaintiff reported to work daily. He completed his shifts. In addition to training, Plaintiff also performed some regular duties along with CoreCivic officers such as searches and maintenance work. During this period and prior to his complaint, CoreCivic took no issue with Plaintiff's work or training.

29.   Plaintiff was harassed by other officers in the parking lot.  Officer Phillips told Plaintiff not to park near his car. On another occasion, Officer Korce spat on Plaintiff during break. As she sat next to him, she asked "are you going to flunk the CPR test again?"  As she said the word flunk she drew spit and flung it in his face.

30.   Plaintiff filed numerous written complaints with CoreCivic human resources representatives, Shari Kennedy and Jessica Ramirez. He documented the racially offensive comments and personal attacks from the employees, but CoreCivic ignored every incident.

31.   During one work day, training session, Plaintiff requested to a few hours leave to get a prescription. Plaintiff advised his CoreCivic instructor that he would have a difficult time in

class without his diabetes medication. CoreCivic denied his request.  The instructors, specifically Sandra Kellan, routinely permitted other trainees to leave early or arrive late.  Many of the trainees needed time-off to complete personal tasks such as procuring their vehicle or license registration. CoreCivic allowed the white employees privileges which it denied Plaintiff.

32.     Plaintiff is diabetic and notified CoreCivic of his condition via application and initial physical test. Plaintiff made clear that maintaining his medication would ensure that he could perform his job.

33.     CoreCivic administered a CPR test.  CoreCivic claimed that Plaintiff failed the first CPR test.  CoreCivic claimed to provide Plaintiff a second opportunity to complete and pass the exam, however, Plaintiff did not get to select his own answers.

34.     During the subsequent test, CoreCivic administered an oral exam in which the instructor read multiple choice questions and asked Plaintiff to select an answer. The instructor marked the answer. CoreCivic denied Plaintiff the opportunity to review his answers. Immediately following the exam, CoreCivic informed Plaintiff that he failed and was terminated. Within minutes of being told that he was fired, CoreCivic handed Plaintiff a termination letter.

35.     CoreCivic HR manager, Shari Kennedy, also gave Plaintiff a copy of the grievance procedure in the event that he decided to appeal his termination.  Plaintiff sent the grievance form certified mail. A CoreCivic representative signed and returned the documents to Plaintiff "return to sender."

## COUNT I – RACE AND COLOR

**Prohibited Discrimination (in Violation of Title III of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended ("§1981") 42 U.S.C. 2000e et seq.)**

36.     Plaintiff incorporates by reference every other allegation made herein.

37.     Plaintiff is Hispanic, his complexion is light and he speaks with a very heavy accent.

38.     Plaintiff was treated differently and unfairly because of his race.

39.     During the course of Plaintiff's employment, CoreCivic managers and representatives, acting within the scope and course of employment, engaged in intentional discrimination against Plaintiff.

40.     CoreCivic had knowledge of the discrimination and failed to act or investigate. CoreCivic managers ignored the policies concerning the discrimination, harassment and retaliation and failed to take action against the managers.

41.     CoreCivic's harassment had the purpose and effect of unreasonably interfering with Plaintiff's work performance thereby creating an intimidating, hostile and offensive work environment.

42.     The conduct as described herein would have offended a reasonable person of the same race in Plaintiff's position.

43.     Management level employees knew, or should have known, of the racial harassment and racial discrimination described herein, but failed to take appropriate remedial action.

44.     By failing to conduct a prompt, thorough and honest investigation of Plaintiff's allegations and of other witnesses, CoreCivic exacerbated the racially hostile environment and racial discrimination in Plaintiff's workplace.

45.     Because of its actions, CoreCivic deliberately rendered Plaintiff's working conditions intolerable and created circumstances which resulted in Plaintiff's termination.

46.     The conduct alleged herein adversely affected the terms, conditions, or privileges of Plaintiff's employment.

47.    As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff suffered and will continue to suffer damages, emotional distress, and inconvenience.

48.    CoreCivic, through their agents and employees, engaged in discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights. CoreCivic is therefore liable for punitive damages in an amount sufficient to punish them and to deter them and other companies from engaging in similar conduct.

WHEREFORE,   Plaintiff prays for judgment against Defendant on Count I of this Complaint, for a finding that Plaintiff has been subjected to unlawful discrimination in violation of 42 U.S.C. § 1981; for compensatory damages, including monetary losses, emotional pain and suffering, loss of enjoyment of life and other non-monetary losses; punitive damages, equitable relief, front pay, costs expended, reasonable attorney and expert fees, pre-judgment and post-judgment interest, and for such other and further relief the Court deems just and proper.

## COUNT II – HOSTILE WORK ENVIRONMENT AND HARASSMENT

Prohibited Discrimination (in Violation of Title III of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended ("§1981") 42 U.S.C. 2000e et seq.)

49.    Plaintiff incorporates by reference every other allegation made herein.

50.    Plaintiff belongs to a protected group.

51.    During the course of Plaintiff's employment, CoreCivic representatives, acting within the scope and course of employment, engaged in intentional discrimination against Plaintiff.

52.    CoreCivic acted with the purpose of creating a hostile work environment.

53.    CoreCivic's unwelcome harassment had the purpose and effect of unreasonably interfering with Plaintiff's work performance thereby creating an intimidating, hostile and offensive work environment.

54.     The harassment was based on Plaintiff's race.

55.     The harassment was sufficiently severe or pervasive so as to affect a term, condition, or privilege of Plaintiff's employment.

56.     The conduct as described herein would have offended a reasonable person of the same race in Plaintiff's position.

57.     Management level employees knew, or should have known, of the racial harassment and racial discrimination described herein, but failed to take appropriate remedial action.

58.     By failing to conduct a prompt, thorough and honest investigation of Plaintiff's allegations and of other witnesses, CoreCivic exacerbated the racially hostile environment and racial discrimination in Plaintiff's work place.

59.     Because of its actions, defendants deliberately rendered Plaintiff's working conditions intolerable.

60.     The conduct alleged herein adversely affected the terms, conditions, or privileges of Plaintiff's employment.

61.     As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff suffers and will continue to suffer damages, emotional distress, and inconvenience.

62.     CoreCivic through their agents and employees, engaged in discriminatory patterns and practices with malice or reckless indifference to Plaintiff's federally protected rights. CoreCivic is therefore liable for punitive damages in an amount sufficient to punish it and to deter it and other companies from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against CoreCivic on Count II of this Complaint, for a finding that Plaintiff was subjected to unlawful discrimination in violation of 42

U.S.C. § 1981; for compensatory damages, including monetary losses, emotional pain and suffering, loss of enjoyment of life and other non-monetary losses; punitive damages, equitable relief, front pay, costs expended, reasonable attorney and expert fees, pre-judgment and post-judgment interest, and for such other and further relief the Court deems just and proper.

## COUNT III - RETALIATION

**Prohibited Retaliation (in Violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended ("§1981") 42 U.S.C. 2000e et seq.)**

63.     Plaintiff incorporates by reference every other allegation made herein.

64.     Plaintiff' engaged in protected activity by reporting discrimination, harassment and unequal treatment by CoreCivic employees and instructors.

65.     Due to his numerous and consistent complaints, CoreCivic retaliated against Plaintiff and terminated his employment. There is a direct causal connection between Plaintiff's protected activity and the adverse employment action.

66.     CoreCivic's retaliation against Plaintiff was committed with malice or reckless disregard of his federally protected rights. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish defendant and to deter it and other companies from engaging in similar conduct.

67.     CoreCivic's retaliatory actions against Plaintiff caused him to suffer emotional distress, inconvenience, and loss of enjoyment of life.

68.     As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff suffers and will continue to suffer damages, emotional distress, and inconvenience.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count III of this Complaint, for a finding that Plaintiff was subjected to unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. § 1981; for compensatory

damages, including monetary losses, emotional pain and suffering, loss of enjoyment of life and other non-monetary losses; punitive damages, equitable relief, front pay, costs expended, reasonable attorney and expert fees, pre-judgement and post-judgment interest, and for such other and further relief the Court deems just and proper.

## COUNT IV - AGE

**Prohibited Discrimination (in Violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as Amended, 29 U.S.C. 621 et seq.)**

69.     Plaintiff incorporates by reference every other allegation made herein.

70.     Plaintiff was treated differently and unfairly because of his age.

71.     Plaintiff was terminated due to his age.

72.     At the time of his termination, Plaintiff was 49 years of age.

73.     CoreCivic violated the ADEA by terminating Plaintiff because of his age.

74.     As a direct and proximate cause of the actions and conduct set forth herein, plaintiff suffers and will continue to suffer damages, emotional distress, and inconvenience.

75.     Defendant, through its agents and employees, engaged in discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights. CoreCivic is therefore liable for punitive damages in an amount sufficient to punish it and to deter it and other companies from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against CoreCivic on Count IV of this complaint, for a finding that Plaintiff was subjected to unlawful discrimination in violation of 29 U.S.C. 621; for compensatory damages, including monetary losses, emotional pain and suffering, loss of enjoyment of life and other non-monetary losses; punitive damages, equitable relief, front pay, costs expended, reasonable attorney and expert fees, pre-judgement and post-judgement interest, and for such other and further relief the Court deems just and proper.

## COUNT V – DISABILITY

### Prohibited discrimination (in violation of 42 U.S.C. 12101et seq.)

76.    Plaintiff incorporates by reference every other allegation made herein.

77.    Plaintiff is a disabled person as defined by the ADA.

78.    Plaintiff is, and was qualified, with or without reasonable accommodation, to perform the essential functions of his job title at CoreCivic.

79.    The ADA imposes on employers an absolute duty to determine whether or not they can accommodate an employee's disability. Absent that consideration, the law has been violated.

80.    Moreover, after engaging in the required interactive process, the employer can only deny a request: 1) if it imposes an undue hardship; or 2) if the employee cannot perform the essential functions of the job with or without the accommodation. CoreCivic has not demonstrated nor made an effort to prove that either of these is reasons is why they chose to deny Plaintiff the accommodation.

81.    The ADA does not permit an employer to refuse to consider an employee's disability or to provide an accommodation for such simply because the employee performs the essential functions of the job at issue without an accommodation.

82.    CoreCivic discriminated against Plaintiff because of his disability.

83.    As a result of the unlawful acts and conduct of CoreCivic, as described in part herein, Plaintiff has suffered pecuniary and non-pecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees, (the exact amount of which will be determined at trial).

WHEREFORE, Plaintiff prays for the Court to find that Defendant has violated 42 U.S.C. 12101 et seq. and therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages, punitive damages, and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable herein.

Respectfully submitted,

**KATRINA Y. ROBERTSON, LLC**

_/s/ Katrina Y. Robertson_
Katrina Y. Robertson  KSD #78226
1101 Walnut Street
Suite 203
Kansas City, Missouri 64106
Office: (816) 885-4974
Facsimile: (816) 817-4964
Email:  kyr@kyrobertsonlaw.com

Attorney for Plaintiff